**HETZLER, Gdn., Plaintiff-Appellee v. KAH, Admr., Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 136.   Decided January 23, 1945.

Frank H. Marshall, Sidney, for plaintiff-appellee.
H. H. Needles, Sidney, for defendant-appellant.

SHERICK, J., of the Fifth Appellate District, sitting by designation in place of Barnes, P. J.

## OPINION

By SHERICK, J.

In view of the numerous opinions that have been rendered in the various litigations that have heretofore been had between the parties hereto, and the fact that counsel are

perfectly familiar therewith and all facts therein involved, we perceive no useful purpose to be served by a restatement thereof. We therefore shall not engage in any such recital.

The single question which this record presents is a simple one, made so by the parties agreed stipulation. What items of expenditures made by appellee, guardian, are for the care, maintenance and support of his ward and are properly chargeable under the will of E. E. Kah against his estate? The amounts and propriety of these expenditures are not involved.

The query is but a recurrence of the age-old question as to what a testator means by use of the words "care, maintenance and support". It ought not to be necessary to reiterate that the legal sense and meaning of these words is the same as the understanding of them in everyday life, with the single qualification, that the recipient in each particular instance is to receive all those necessities that are required to sustain life in comfort in accordance with the beneficiary's station in life. It is or ought to be self-evident that age and infirmity ordinarily require greater liberality in expenditures, because one is then less able to take care for one's self and the need of aid becomes more acute.

With this understanding in mind we must and do agree with the trial court in its judgment that all those items preceding the item of taxes are properly chargeable as against the estate of E. E. Kah. It is equally clear that plaintiff's ward is possessed of an independent personal estate out of which her taxes should now be paid. However, perhaps for future guidance it may be well to here observe that this rule may be otherwise if the ward ceases to have a personal estate and taxes thereafter accrue against the ward's real estate in which she resides. The trial court is further correct in respect to its conclusion respecting the items of church dues and charitable contributions.

In reference to the items which pertain to the expense of guardianship, this Court desires to and does adopt the equitable and just apportionment made by the trial court. We adopt its reason as set forth in its opinion as our own, with a like reservation as is hereinbefore made respecting taxes.

Finding no error in the judgment of the trial court in the respects complained of, it follows that its judgment must be and is affirmed.

HORNBECK and GEIGER, JJ., concur.